WILLIAM B. HALL v. JOSEPH W. DONOVAN, CIRCUIT JUDGE OF WAYNE COUNTY.

REPLEVIN—DESCRIPTION OF PROPERTY— DELIVERY OF TO PLAINTIFF.

Relator applied for *mandamus* to compel the respondent to quash a writ of replevin because of an insufficient description of the property to be taken thereunder, and because of the requirement in the writ to deliver the property to some other person than the plaintiff. An order to show cause was denied October 20, 1896, *mandamus* not being the proper remedy.

*J. G. Dickinson*, for relator, contended:

1. That the writ is defective in two particulars, either one of which is sufficient to make it void, namely, it does not describe the goods and chattels to be replevied or any goods and chattels, nor does it require the sheriff to deliver the same to the plaintiff in the writ, but to a third person and a stranger to the suit; citing How. Stat. § 8320.

[For cases bearing upon the question of the sufficiency of the description of property in a writ of replevin, see *Dillon v. Howe*, 98 Mich. 168, and note; *Simmons v. Robinson*, 101 Mich. 240. EDITOR].

The facts as alleged in the petition for *mandamus* were:

1. That relator and Thomas E. Hall are copartners doing business at the city of Louisville, Kentucky, under the name of Hall Brothers.

2. That on September 25, 1896, relator for said Hall Brothers was in possession of a certain stock of dry goods, etc., situate at 90 Woodward avenue, Detroit, Michigan, by virtue of a chattel mortgage given to secure to said firm the payment of the sum of $12,000, which they had theretofore advanced to Henry W. Richardson upon the security of said chattel mortgage, for the purpose of foreclosing the same.

3. That on September 25, 1896, a writ of replevin was issued out from the circuit court of Wayne county at the suit of Oliver H. Durrell and others, copartners as Brown, Durrell & Co.; that said writ commanded the sheriff of Wayne county to take into his custody "the following goods and chattels, to wit, a quantity of hosiery, underwear, dry goods, and notions," of the value of $4,700, shipped by Brown, Durrell & Co., and now contained in store numbered 90 Woodward avenue, and now occupied by Henry W. Richardson, one of the defendants herein, and deliver the same to Joseph A. Burns, agent for Oliver H. Durrell, Thomas B. Fitzpatrick, and John R. Ainsley, copartners doing business as Brown, Durrell & Co., plaintiffs herein, if they shall give you security as required by law to prosecute to effect this writ against Henry W. Richardson, doing business as Mammoth Dry Goods Co., Hall Brothers, Emma H. Hall, and Edward B. Wilson, McIvan Larrabee, B. D. Hascall, Jr., John C. Hurter, and Warren C. Stevens, copartners as Wilson, Larrabee & Co., defendants herein, etc.; that by virtue of said writ the said sheriff took from the possession of relator a large quantity of said stock of dry goods, of the value of about $4,000.

4. That thereupon relator moved the court to quash said writ of replevin:

*a*—Because it was not in the form required by the statute governing replevin suits.

*b*—Because it contained no description of any goods or chattels to be seized thereunder.

*c*—Because it required the delivery of

the goods seized thereunder to some other person than the plaintiffs, contrary to the provisions of the statute.

5. That after the argument of said motion, and on October 19, 1896, the same was denied by the respondent.